Hawkins-El v. First American Funding, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
              SUSAN L. CARNEY,
              CHRISTOPHER F. DRONEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

JAMES S. HAWKINS-EL, III,
        Plaintiff-Appellant,

        -v.-                                          12-4021

FIRST AMERICAN FUNDING, LLC, IRA
BAILEY, MARIA GREEN, SONIA LARICCIA,
BRANDON BAILEY,
        Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - -X

---

* The Clerk of Court is directed to amend the official caption to conform with the caption above.

**FOR APPELLANT:**                    James S. Hawkins-El III, pro se, Rockaway Beach, New York.

**FOR APPELLEES:**                    No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

James Hawkins-El, III, appeals pro se from a judgment of the United States District Court for the Eastern District of New York (Irizarry, J.) dismissing his complaint brought pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Upon such review, we conclude that Hawkins-El's appeal is without merit substantially for the reasons stated in the district court's memorandum and order. See Hawkins-El v. First American Fund, LLC, No. 11-cv-2423 (E.D.N.Y. Sept. 19, 2012, ECF No. 44). We have considered all of Hawkins-El's remaining arguments and find them to be without merit.

2

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK